**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

ARQUINCY LEE CARR,

Plaintiff,

v.

SHANE GARLAND, KENNA DELLISE, JAMES KENT, JODENE PERTTU, and CHRISTOPHER M. STEVENS,

Defendants.

Case No. 26-CV-935-JPS

**ORDER**

Plaintiff ArQuincy Lee Carr, an inmate confined at Green Bay Correctional Institute, filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff filed an amended complaint on August 26, 2026. ECF No. 14. This Order screens Plaintiff's amended complaint and resolves his motion for leave to proceed without prepaying the filing fee.

## 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On August 17, 2026, the Court ordered Plaintiff to pay an initial partial filing fee of $24.80. ECF No. 13. Plaintiff paid that fee on August 31, 2026. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE AMENDED COMPLAINT

### 2.1 Federal Screening Standard.

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**2.2 Plaintiff's Allegations**

Plaintiff alleges multiple issues with his medical care at GBCI. ECF No. 14 at 2. Plaintiff suffered a heart attack in November 2023 and then had a quadruple bypass surgery followed by four stents after three vessels failed. *Id.* Following surgery, Plaintiff was prescribed nitroglycerin tablets to treat episodes of chest pain, acetaminophen, and a mediterranean diet. *Id.* Plaintiff was not provided a mediterranean diet at GBCI. *Id.*

On November 26, 2024, a correctional officer searched Plaintiff's cell and took his nitroglycerine without informing Plaintiff and against policy. *Id.* The placed Plaintiff at risk of harm from an angina attack. *Id.* at 3.

On April 28, 2025, Plaintiff was having an angina attack, and he informed staff via the emergency call button. *Id.* Plaintiff was never seen by HSU and staff claimed that they had never receive a notification for Plaintiff's request. *Id.* HSU began to issue Plaintiff three pills of nitroglycerine a day and he was to inform staff after he used a pill to ensure that he always had three pills on hand. *Id.* On one occasion, Plaintiff received sixteen additional pills and he informed staff immediately. *Id.* As a result, a nurse wrongly cited Plaintiff for hoarding pills. *Id.*

On August 1, 2025, HSU informed Plaintiff he was to get three pills as needed and that refills were always available in the medical room. *Id.* at 4. On September 14, 2025, Plaintiff did not receive nitroglycerin for over eight hours despite asking multiple staff for help. *Id.* On October 15, 2025, he was not provided nitroglycerine for over five hours. On December 23, 2025, Defendant McNeel informed him that he had to see HSU prior to a refill of nitroglycerine. *Id.* McNeel wrote, "Per HSU Manager (Garland") you are to be evaluated after nitro to determine the appropriate care pathway." *Id.* Plaintiff believes Garland was retaliating against him by forcing him to see medical prior to a prescription refill. *Id.* at 5.

Plaintiff was charged $7.50 every time he was seen by HSU for using nitroglycerine. *Id.* at 6. On November 2, 2025, Plaintiff filed a complaint about the co-pay charges. *Id.* On December 2, 2025, Plaintiff was denied a refill of nitroglycerine because HSU wanted to be notified when Plaintiff requested more than three tablets a day. *Id.*

On January 16, 2026, Defendant Kenna Dellis decided to have Plaintiff use a daily nitroglycerin patch to wear for twelve hours at a time. *Id.* at 7. Plaintiff did not consent to wear the patch, and he asserts that it was not adequate treatment for angina. *Id.* Plaintiff had headaches as a side effect of the medication, and he was denied pain medication until June 2026.

On June 5, 2026, Plaintiff informed staff of chest pain and a nurse came to his cell to retrieve the nitro patch. *Id.* The nurse said he was never informed about angina and that he would have Plaintiff pulled from his cell to check his vitals. *Id.* Plaintiff refused because of the long wait and co-pay. *Id.* On June 25, 2026, Plaintiff waited hours to be seen for his angina. *Id.* at 7. The Court will not elaborate on Plaintiff's remaining allegations because

as discussed below, his allegations spanning a time period of multiple years and against multiple defendants do not belong in the same case.

### 2.3 Analysis

The Court finds that Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 18 and 20. While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

For example, if a plaintiff has one claim against Defendants A, B, C and D and an unrelated claim against Defendants A, B, and E, and he wants to proceed with both claims in the same case, Rules 18 and 20 require him to dismiss defendants C, D and E. That way, he can proceed against the two defendants (A and B) who are common to both claims. If the plaintiff wants to pursue claims against defendants C, D and E, he must file separate lawsuits against them. To be clear: Under Rule 18, the plaintiff can join as many claims as he wants against an opposing party, but he still must comply with Rule 20, which allows a plaintiff to join defendants in one case only if (a) he asserts a joint right to relief against them, or the right he asserts related to or arose out of the same transaction or occurrence or there is a common question of fact or law as to all defendants.

Here, Plaintiff's amended complaint violates Rules 18 and 20 because it attempts to bring unrelated claims against multiple defendants. The various incidents alleged in the complaint, spanning a time period of multiple years, do not involve the same defendants and do not arise from the same transaction or series of transactions. If Plaintiff wants to pursue all his claims, he must file separate lawsuits for each incident, naming only the defendants involved in each incident in the relevant case, and must pay a filing fee for each lawsuit.

When a plaintiff has improperly joined unrelated claims against unrelated defendants, the court must reject the complaint "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing Fed. R. Civ. P. 21). Rather than the Court deciding which claims to sever (remove from the case) or which defendants to dismiss, the Court will instead give Plaintiff an opportunity to choose which of the above-described unrelated claims he wants to pursue in this case, and which he wants to bring in separate cases.

The Court will give Plaintiff the opportunity to file an amended complaint on or before **November 9, 2026** by which to file a second amended complaint that focuses on the related claim(s) of his choice. If he wishes to pursue the other unrelated claims, he may file separate complaints regarding those claims. If Plaintiff fails to file a second amended complaint by the deadline, the Court may dismiss his case for the failure to prosecute.

In amending his complaint, Plaintiff should consider the following additional information. Section 1983 does not allow actions against persons merely because of their supervisory roles. *T.E. v. Grindle*, 599 F.3d 583, 588

(7th Cir. 2010). Only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983. *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008). A supervisor may be held liable under § 1983 if he or she "know[s] about the conduct and facilitate[s] it, approve[s] it, condone[s] it, or turn[s] a blind eye for fear of what they might see." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

## 3. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the amended complaint violates Federal Rules of Civil Procedure 18 and 20; Plaintiff must submit a second amended complaint on or before **November 9, 2026**; Plaintiff's failure to do so may result in the dismissal of this case for his failure to prosecute;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $325.20 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to

another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 19th day of October, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.